UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM BARRETT,<br><br>            Plaintiff,<br><br>v.<br><br>EMPIRE AIRLINES, INC.,<br><br>            Defendant. | Case No. 1:22-cv-00516-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Empire Airlines, Inc.'s Motion to Compel. Dkt. 57. Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the motion is GRANTED.

## II. BACKGROUND

Barrett, who is proceeding pro se, sued Defendant Empire Airlines ("Empire") for employment discrimination in violation of the Americans with Disabilities Act. Dkt. 1. After two courts declined to appoint him an attorney (Dkts. 22, 24, 55), Barrett stopped trying to advance his case.[1] He has not participated in dispute resolution conferences. Dkt. 63. He has refused to join mandatory status conferences. Dkt. 60. He has not filed anything in response to Empire's Motion to Compel. And Empire reports that Barrett has been no

---

[1] Barrett at one point argued he was not competent to represent himself, but the Court was not persuaded. Dkt. 60. It found that he had failed to establish his incompetence. *Id.* Based on Barrett's continuing informal communications with the Court, and the quality of his pro se pleadings when he cared to make them, the Court is persuaded that he is indeed competent to represent himself.

MEMORANDUM DECISION AND ORDER - 1

more responsive to its discovery requests than he has to the Court's hearing requirements. Dkt. 57-4.

Empire timely served interrogatories and requests for production on Barrett. He ignored these and submitted no discovery requests of his own. Three times, Empire offered Barrett dates for scheduling a deposition, and three times its communications went unanswered. Barrett unquestionably receives mail and email because he has used both mediums to correspond with the Court. Barrett has now withheld his responses for so long that, under the Court's existing scheduling order, the time for discovery has almost closed. *See* Dkt. 52 (setting the deadline for dispositive motions as October 20, 2023, and the deadline for fact discovery as September 22, 2023).

### III. LEGAL STANDARD

Trial courts are vested with broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "The purpose of discovery is to prevent surprise, prejudice and perjury during trial." *Sanders v. Univ. of Idaho*, 2022 WL 280875, *1 (D. Idaho Jan. 31, 2022) (cleaned up). The Federal Rules of Civil Procedure afford parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Federal Rules specify a number of methods for obtaining discovery, including depositions, interrogatories, and requests for production of documents. *See* Fed. R. Civ. P. 30, 33, 34. The Federal Rules governing failure to cooperate in discovery provide that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Specifically, "[a] party

seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

## IV. DISCUSSION

Like all other parties before the Court, pro se plaintiffs must observe the local rules and Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Here, Barrett has failed to comply with the rules regarding discovery. *See* Dist. Idaho Loc. Civ. R. 16.1 (21 days to meet and confer); Fed. R. Civ. P. 33(b)(2) (30 days to respond to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (30 days to respond to requests for production); Fed. R. Civ. P. 6(d) (three days added to deadline when service is accomplished by mail). He has also failed to comply with the Court's orders. *See* Dkt. 56 (requiring attendance at 5/18/2023 status conference); Dkt. 62 (requiring attendance at 7/5/2023 settlement conference).

This pattern of evasion is unacceptable. In our American legal system, the parties drive the litigation and plaintiffs are responsible for prosecuting their own cases. *See* Fed. R. Civ. P. 41(b). Barrett set this case in motion. He cannot now bury his head in the sand and hope that, by ignoring it, he can make it go away. If Barrett intends to litigate in federal court, he must prosecute his case in compliance with the rules of procedure or else his case will be dismissed. *See, e.g.*, Fed. R. Civ. P. 37(b)–(d), 41(b); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (holding that district courts have "inherent power sua

sponte to dismiss a case for lack of prosecution."); *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (same); *Mendez v. Cmty. Health Clinics, Inc*, 2021 WL 467195, at *10–15 (D. Idaho Feb. 9, 2021), *aff'd sub nom. Mendez v. Cmty. Health Clinics, Inc.*, No. 21-35179, 2022 WL 2340805 (9th Cir. June 29, 2022), *cert. denied*, 143 S. Ct. 2440 (2023) (dismissing a pro se plaintiff's case for his repeated failure to appear at his scheduled deposition).

Barrett must respond in good faith to Empire's discovery requests and must make himself available for a deposition within the time constraints set forth below. The Court will separately amend the operative scheduling order to ensure that this Order does not prejudice the parties in their trial preparation.

## V. CONCLUSION

As plaintiff, Barrett is responsible for prosecuting his case. That means attending scheduled conferences with the Court and being an active, good-faith participant in the discovery process. If he continues to ignore the Court and the lawful requests of the Defendant, his case will be dismissed.

## VI. ORDER

1. Empire's Motion to Compel (Dkt. 57) is GRANTED.
    a. Within 30 days of this Order, Barrett must, in good faith:
        i. Answer Empire's interrogatories;
        ii. Respond to Empire's requests for production of documents; and
        iii. Cooperate in scheduling a deposition, to take place no later than October 10, 2023.
2. If, within 30 days, Barrett has not filed with the Court a notice of compliance with

this Order, the Court will dismiss his case for failure to prosecute.

DATED: August 10, 2023

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5