UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM BARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRE AIRLINES INC.,<br><br>    Defendant. | Case No. 1:22-cv-00516-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff William Barrett's Motion to Recuse. Dkt. 66. For the reasons below, the motion is DENIED, and the case is DISMISSED without prejudice for failure to prosecute and failure to comply with a court order.

## II. BACKGROUND

Barrett, who is proceeding pro se, sued Defendant Empire Airlines ("Empire") for employment discrimination in violation of the Americans with Disabilities Act. Dkt. 1. After two courts declined to appoint him an attorney (Dkts. 22, 24, 55), Barrett stopped trying to advance his case.[1] He has not participated in dispute resolution conferences. Dkt. 63. He has refused to join mandatory status conferences. Dkt. 60. He has not filed any response to Empire's Motion to Compel. And he has allegedly been no more responsive to Empire's discovery requests than he has been to the Court's hearing requirements. Dkt. 57-

---

[1] Barrett, at one point, argued he was not competent to represent himself, but the Court found that he had failed to establish his incompetence. Dkt. 60.

MEMORANDUM DECISION AND ORDER – 1

4.

Empire timely served interrogatories and requests for production on Barrett. He ignored these and submitted no discovery requests of his own. Three times Empire has offered Barrett dates for scheduling a deposition, and three times its communications have gone unanswered. Barrett unquestionably receives mail and email because he has used both mediums to correspond with the Court.

On August 10, 2023, the Court granted Empire's uncontested Motion to Compel. Dkt. 65. In its order, the Court outlined various tasks Barrett needed to perform and made clear that if he failed to file a notice of compliance with the Court's order within 30 days, the Court would dismiss his case for failure to prosecute. Since August 10, 2023, Barrett's only filing with the Court is the instant Motion to Recuse.

### III. ANALYSIS

**A. Motion to Recuse**

The Court will begin by addressing Barrett's Motion to Recuse, as this motion challenges the Court's authority to preside over this case in general, and, as a result, its authority to rule on any other motion.

In his Motion, Barrett claims that the undersigned has engaged in "inappropriate humor" and "libel fighting-words and demeaning dialogue." Dkt. 66. As a result, he argues that the impartiality of the undersigned may be questioned. Dkt. 66. Barrett's concerns apparently arise out of language in the Court's prior order that he cannot "bury his head in the sand and hope that, by ignoring [his case], he can make it go away." Dkt. 65, at 3. The Court's use of a common idiom in its order can hardly be construed as inappropriate humor,

fighting words, or demeaning dialogue. Rather, the purpose of the idiom was to alert Barrett to the fact that his continued failure to prosecute his case would lead to its dismissal. The fact that the Court's vehicle for conveying that message to Barrett caused him offense is unfortunate, but it is not grounds for recusal.

Barrett also alludes to the Court's finding that he had not sufficiently proven his incompetence as evidence of the Court's bias against him. Dkt. 66, at 3. This situation arose prior to a scheduled call with the Court and counsel. Dkt. 56. Barrett emailed a doctor's note to the Court asserting that the contents of that note would relive him of his duties and obligations in this case. The Court determined it did not. Dkt. 60. The fact that Barrett disagrees with the Court, however, is not grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that mere disagreements with the Court's prior rulings are not grounds for recusal).

In short, a successful recusal motion would require Barrett to show that the statutes governing disqualifications of judges, 28 U.S.C. §§ 144[2] or 455[3]—or any case interpreting

---

[2] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

those sections—apply to the undersigned. Because he has failed to do so, his motion is denied.

**B. Dismissal**

Two related grounds provide independent bases for dismissing this case without prejudice: failure to prosecute and failure to comply with a court order. It is axiomatic that courts may, of their own initiative, dismiss cases under Federal Rule of Civil Procedure 41(b) when those cases are not adequately pursued. *See* Fed. R. Civ. P. 41(b); *see, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Further, courts have the inherent power, coupled with Rule 41(b), to dismiss a case for failure to comply with a court order.

---

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

  (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

  (ii) Is acting as a lawyer in the proceeding;

  (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

  (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Here, Barrett has refused to engage in the discovery process. Further, the Court ordered Barrett to answer Empire's interrogatories, respond to Empire's production requests, and cooperate in scheduling a deposition. Dkt. 65. The Court warned Barrett that his failure to comply within 30 days would result in the dismissal of his case. Barrett did not comply. Therefore, pursuant to the Court's prior Order, coupled with Barrett's inaction, the Court exercises its inherent authority and discretion under Federal Rule of Civil Procedure 41(b) to dismiss the case.

## IV. ORDER

IT IS HEREBY ORDERED:

1. Barrett's Motion to Recuse (Dkt. 66) is **DENIED**.

2. This case is **DISMISSED** without prejudice and **CLOSED**.

DATED: September 14, 2023

David C. Nye
Chief U.S. District Court Judge